IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02079-CMA-MJW

GEMA MARTINEZ,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipality,
DENVER POLICE OFFICER MICHAEL GABRIEL, in his official and individual capacity,
DENVER POLICE OFFICER JOHN DOE 1, in his official and individual capacity,
DENVER POLICE OFFICER JOHN DOE 2, in his official and individual capacity,
DENVER ANIMAL CONTROL OFFICER JOHN DOE 1, in his official and individual capacity,
DENVER ANIMAL CONTROL OFFICER JOHN DOE 2, in his official and individual capacity,

     Defendants.

---

## STIPULATION AND PROTECTIVE ORDER
( Docket No 13-1 )

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such

information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.  Any information designated by a party as Confidential shall be reviewed by a counsel of record in the within case who, upon designation of the information as Confidential, certifies that the designation as Confidential is based on a good faith belief that the information is entitled to protection.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing information which contains non-public information including, but not limited to, internal investigations, personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy, confidentiality or proprietary interests of either the Plaintiff, the Defendants or a third party.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

     a.     By imprinting the word "Confidential" on the first page or cover of any document produced, and every page thereafter also containing "Confidential" information;

     b.     By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.    With respect to transcribed testimony, the testimony should be identified on the record as "Confidential" wherever possible.  In addition transcribed testimony may be designated as "Confidential" by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

a.    attorneys actively working on this case;

b.    persons regularly employed or associated with the attorneys actively working on the case;

c.    the parties, including Defendants' designated representatives;

d.    stenographic reporters who are engaged in proceedings in this action;

e.    the Court and its employees ("Court Personnel");

f.    expert witnesses and consultants;

g.    deponents, witnesses, or potential witnesses; and

h.    other persons by written agreement of the parties;

For any disclosures to a person identified under Paragraph 4(f) through (h), prior to disclosing any Confidential Information, counsel shall provide such person with a copy of this Protective Order and obtain a signed affidavit in the form of Exhibit A that he or she will be bound by its provisions.

3

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.  During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.  During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

4

10. A party may object to the designation of a document as Confidential Information by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material within fourteen (14) days of receipt by counsel of notice opposing the designation. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material..

## Use of Confidential Information in Court Proceedings.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d

458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action, except for Confidential Material that is disclosed at trial. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order $_\times$ Un til Termi—ation of This Case.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this _3rd_ day of _January_, ~~2010.~~ 2011

BY THE COURT:

_____

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

**STIPULATED AND AGREED TO:**

Plaintiff:                          By:     s/*Sara J. Rich*_____
                                            Killmer, Lane & Newman, LLP
                                            David A. Lane, Esq.
                                            Sara J. Rich, Esq.
                                            1543 Champa Street, Suite 400
                                            Denver, CO 80202
                                            Phone: (303) 571-1000
                                            dlane@kln-law.com
                                            srich@kln-Law.com
                                            ATTORNEYS FOR PLAINTIFF


Defendants:                         By:     s/ *Thomas Bigler*_____
                                            Thomas Bigler, Esq.
                                            Denver City Attorney's Office
                                            Litigation Section
                                            201 West Colfax Ave., Dept. 1108
                                            Denver, CO 80202-5332
                                            720-913-3298
                                            Dlefiling.litigation@ci.denver.co.us
                                            ATTORNEY FOR DEFENDANTS

## EXHIBIT A **AFFIDAVIT**

_____, swears or affirms and states under penalty of perjury:

     I have read the Protective Order in GEMA MARTINEZ v. THE CITY AND COUNTY OF DENVER, DENVER POLICE OFFICER MICHAEL GABRIEL, DENVER POLICE OFFICER JOHN DOE 1, DENVER POLICE OFFICER JOHN DOE 2, DENVER ANIMAL CONTROL OFFICER JOHN DOE 1 and DENVER ANIMAL CONTROL OFFICER JOHN DOE 2, 10-cv-02079-CMA-MJW, a copy of which is attached to this Affidavit.

    1.    I have been informed by _____, Esq., counsel for _____, that the materials I have been provided contain Confidential Information as defined in the Protective Order.

    2.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    3.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    4.    I will abide by the terms of the Protective Order.


_____     _____
(Signature)                         (Print or Type Name)


_____     _____
Address                             Telephone No.

8