IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02079-CMA-MJW

GEMA MARTINEZ,

Plaintiff(s),

v.

DENVER POLICE OFFICER MICHAEL GABRIEL, in his individual capacity, and
DENVER POLICE OFFICER DAVID ARCHULETA, in his individual capacity,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant David Archuleta's Motion to Modify the Pretrial Order and Scheduling Order (docket no. 66) is GRANTED for the reasons stated below and the Final Pretrial Order (docket no. 44) is modified to include, on behalf of Defendant Archuleta, the affirmative defense of statute of limitations.

I find Defendant Archuleta plead in his Answer to First Amended Complaint and Jury Demand (docket no. 21), a statute of limitations defense.  See docket no. 21 at page 8, paragraph 7.  Accordingly, Plaintiff was on notice, since February 1, 2011, that Defendant Archuleta was raising a statute of limitations defense.  See docket no. 21.  A Final Pretrial Order was entered by Magistrate Judge Watanabe on August 26, 2011.  See docket no. 44.

I further find that **Paragraph 12 -  Effect of Final Pretrial Order,** in the Final Pretrial Order (docket no. 44) states:

> Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court **to prevent manifest injustice**.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.  See docket no. 44.

I further find that Attorney Sean T. Olson filed his enter his appearance (docket no. 60)

on behalf of Defendants David Archuleta and Michael Gabriele on February 9, 2012. On February 13, 2012, Attorney Thomas Bigler filed his Notice and Unopposed Motion to Withdraw as Counsel (docket no. 61). On February 13, 2012, Judge Arguello granted docket no. 61 and Mr. Bigler was allowed to withdraw as counsel of record for Defendants David Archuleta and Michael Gabriele. On February 15, 2012, Defendants Archuleta and Gabriele filed, through new counsel Mr. Olson, an Unopposed Motion to Continue Trial (docket no. 63). On February 15, 2012, Judge Arguello granted docket no. 63 and vacated the trial set on April 2, 2012 and also vacated the trial preparation conference set on March 9, 2012. On February 21, 2012, Judge Arguello reset the trial to June 11, 2012 and the trial preparation conference to May 21, 2012. See docket no. 65. Thereafter, Defendant Archuleta's new counsel, Mr. Olson, began reviewing the discovery and pleadings in this case and discovered that Defendant Archuleta may have a viable statute of limitations defense and Mr. Olson then filed the subject motion (docket no. 66). Moreover, Mr. Olson determined that prior counsel Mr. Bigler did not raise the statute of limitations defense on behalf of Defendant Archuleta in a motion to dismiss and/or motion for summary judgment even though such affirmative defense was plead in Defendant Archuleta's Answer to First Amended Complaint and Jury Demand (docket no. 21). Further, Mr. Olson also determined that prior counsel Mr. Bigler did not list the affirmative defense of statute of limitations in the Final Pretrial Order (docket no. 44). Accordingly, I conclude that a modification to the Final Pretrial Order (docket no. 44) allowing the affirmative defense of statute of limitations to be included in the Final Pretrial Order (docket no. 44) by Defendant Archuleta is necessary in order to prevent a manifest injustice. See Fed. R. Civ. P. 16(e).

Date:  April 4, 2012