**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02079-CMA-MJW

GEMA MARTINEZ,

    Plaintiff,

v.

DENVER POLICE OFFICER MICHAEL GABRIEL, in his individual capacity, and
DENVER POLICE OFFICER DAVID ARCHULETA, in his individual capacity,

    Defendants.

---

**ORDER GRANTING DEFENDANT ARCHULETA'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

This matter is before the Court on Defendant David Archuleta's Motion for Judgment on the Pleadings, filed on April 9, 2012. (Doc. # 71.) In this motion, Defendant Archuleta requests that the Court dismiss the claims pending against him as time-barred.

## I. BACKGROUND

In this § 1983 action, Plaintiff Gema Martinez alleges that, on August 27, 2008, Denver police officers conducted an unlawful entry and search of her home in violation of the Fourth Amendment. Exactly two years later, Plaintiff filed her original Complaint. (Doc. # 1.) In her original Complaint, Plaintiff named as defendants the City & County of Denver, Denver Police Officer Michael Gabriel, two John Doe Denver Police Officers, and two John Doe Animal Control Officers.

On January 21, 2011, Plaintiff amended her complaint to add four defendants in place of the four John Does, including Defendant Archuleta.[1] (Doc. # 20.) In the instant motion, Defendant Archuleta moves to dismiss the claims against him, asserting that such claims are barred by the two-year statute of limitations. *See Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010) (the statute of limitations on an action brought under § 1983 in Colorado is two years from the time the cause of action accrued). Plaintiff responded on April 30, 2012, and Defendant Archuleta replied on May 2, 2012. (Doc. ## 72, 73.)

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Rule 12(b)(6). *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim for relief in any pleading for "failure to state a claim upon which relief can be granted. The Court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the non-moving party. *Id.* Dismissal under Rule 12(b)(6) should only be granted when it appears that the non-moving party can prove no set of facts in support of the claims that would entitle the plaintiff to relief. *Id.*

## III. ANALYSIS

It is not disputed that Plaintiff added Mr. Archuleta as a defendant after the two-year statute of limitations had run. Plaintiff contends, however, that her claims against

---

[1] All defendants except for Defendant Gabriel and Defendant Archuleta have been dismissed with prejudice by Plaintiff. (Doc. # 35.) Defendants Gabriel and Archuleta have also been dismissed with prejudice as defendants in their official capacities. (*Id.*)

Defendant Archuleta should not be dismissed as time-barred because her amended complaint "relates back to the date of the original pleading" under Fed. R. Civ. P. 15(c).

An amended complaint relates back to the filing of the original complaint when:

> The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff says that she satisfied the requirements of Rule 15(c) because Defendant Archuleta had both actual and constructive knowledge of Plaintiff's lawsuit within the Rule 4(m) time period. This may be true. However, Plaintiff ignores another requirement of Rule 15(c) – that she made "a mistake concerning the proper party's identity." The Tenth Circuit holds that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party.'" *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999)). Thus, as a matter of law, Plaintiff did not make a "mistake" within the meaning of Rule 15(c) regarding the identities of the parties she intended to sue.[2]  *See id.* Rather, Plaintiff did not know who the proper parties were and apparently did not find out until after the two-year limitations period had expired.

---

[2] The Tenth Circuit's interpretation of Rule 15(c) is consistent with the prevailing law in every other circuit to address this issue. *Smith v. City of Akron*, 2012 WL 1139003, at *2 (6th Cir. Apr. 6, 2012) (unpublished) (listing cases).

The relation-back provisions of Rule 15(c) were not designed to correct this type of problem. *See id.* ("A plaintiff's designation of an unknown defendant as 'John Doe' is not a formal defect of the type Rule 15(c)[ ] was meant to address.").

In attempting to bypass the Tenth Circuit's decision in *Garrett*, Plaintiff contends that the Supreme Court's recent decision in *Krupski v. Costa Crociere S.P.A.* renders *Garrett* obsolete. The Court disagrees. In *Krupski*, the plaintiff knew of two potential parties when she filed her lawsuit, but she sued the wrong party and corrected the mistake only after the statute of limitations had expired. *See* 130 S.Ct. 2485, 2490-92 (2010). Although the plaintiff knew the identity of the proper party when she filed her original complaint, the Supreme Court held that this constituted a mistake because the defendant "knew or should have known that it would have been named as a defendant **but for an error**." *Id.* at 2493 (emphasis added). The plaintiff's problem in *Krupski* is not Plaintiff's problem. Unlike the plaintiff in *Krupski*, Plaintiff made no mistake regarding which defendant to sue; Plaintiff simply did not discover the identity of Defendant Archuleta before the statute of limitations period expired. And because Plaintiff waited until the very last day of the limitations period to file her original complaint, Plaintiff left herself with no time to amend the complaint upon discovering the identity of Defendant Archuleta.

Filing a complaint against nameless defendants is not a mechanism by which the plaintiff receives extra time to discover the John Doe identities. Even after *Krupski*, Plaintiff's amended complaint does not relate back to her original complaint because her original complaint did not contain a "mistake." *See Smith v. City of Akron*, 2012 WL 1139003, at *2 (6th Cir. Apr. 6, 2012) (unpublished) (holding that *Krupski* does not affect

rule that relation back does not apply when the plaintiff seeks to substitute named defendants for John Doe defendants). Thus, the claims against Defendant Archuleta are time-barred and must be dismissed.

## IV. **CONCLUSION**

Accordingly, it is ORDERED THAT Defendant Archuleta's Motion for Judgment on the Pleadings (Doc. # 71) is GRANTED. It is

FURTHER ORDERED that all claims against Defendant Archuleta are DISMISSED AS TIME-BARRED.

DATED: May   15  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge